# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS GALVESTON DIVISION

| | | |
|---|---|---|
| GLORIA MANNING and BOBBY DEAN MANNING, <br><br> Plaintiffs <br><br> VS. <br><br> WALGREEN CO. d/b/a WALGREENS; WALGREENS #4113 and R J PARISI <br><br> Defendants | § § § § § § § § § § § § § § | C.A. NO. 3:21-cv-132 |

## NOTICE OF REMOVAL

Defendants Walgreen Co. d/b/a Walgreens, Walgreens #4113 and R. J. Parisi file this Notice of Removal pursuant to 28 U.S.C.§ 1446(a):

## PROCEDURAL BACKGROUND

1. On May 4, 2021, Plaintiffs filed their Original Petition in the matter styled Cause No. 112679-CV, *Gloria Manning and Bobby Dean Manning v. Walgreen Co. d/b/a Walgreens, Walgreens #4113 and R.J. Parisi*; In the 239th Judicial District Court of Brazoria County, Texas.

2. On May 17, 2021, Defendants Walgreen Co. d/b/a Walgreens, Walgreens #4113 and R.J. Parisi were served with the Citation and Plaintiffs' Original Petition in the state court cause of action. Thus, this Notice of Removal is

timely, as it has been filed within the thirty-day statutory time for removal. 28 U.S.C. § 1446(b).

## BASIS FOR REMOVAL

3.      This court has jurisdiction over this matter under 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between Plaintiffs and all properly joined Defendants. Further, the amount at stake, exclusive of interests and costs, exceeds $75,000.00. Specifically, Plaintiffs' Original Petition claims:

> …on or about May 17, 2019, while a business invitee at WALGREENS #4113. Said business is located at 1620 S. Gordon Street, Alvin, BRAZORIA County, Texas. Upon exiting the store, Plaintiff, GLORIA MANNING, was attempting to get in her car when she tripped on a piece of rebar, exposed and sticking up out of the concrete, and fell to the ground, landing hard on her face, shoulder, hip and leg, severely jarring her neck and back and causing her to be unconscious.

4.      Ms. Manning claims she suffered serious bodily injuries as a direct result the fall, and requests an award for various elements of damage, including past and future physical pain, mental anguish, medical expenses, physical disfigurement and physical impairment.  Her Petition affirmatively asserts that she seeks monetary relief in excess of $250,000 but less than $1,000,000.  Per 28 U.S.C. § 1446(c)(2), the "sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy…".   Therefore, the jurisdictional prerequisite is met.

5.      Plaintiffs Original Petition alleges that they are individuals residing in Brazoria County, Texas.

6. Defendant Walgreen Co. d/b/a Walgreens is an Illinois corporation with its principal places of business in Illinois. "Walgreens #4113" is not a legal entity, but is merely the physical store owned by Walgreen Co. at which the incident made the basis of the lawsuit occurred.

## IMPROPER/FRAUDULENT JOINDER

7. Plaintiffs have also named as a Defendant Walgreen Co. Store Manager R.J. Parisi. However, their claims against him are improper and only used as an attempt to defeat diversity jurisdiction in this Court. Plaintiffs have no claim against Parisi under Texas law and as such, the Court should disregard Parisi as a non-diverse defendant.

**A. Standard of Review**

8. The removing party bears the burden of demonstrating improper joinder. *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R. R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis,* 326 F.3d at 646-47). Under the later method, the court determines whether the plaintiff has "<u>any possibility of recovery</u> against the party whose joinder is questioned. If there is arguably a <u>reasonable basis</u> for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This

possibility, however, must be reasonable, not merely theoretical." *Travis,* 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F. 3d 305, 312 (5th Cir. 2002)) (emphasis in original) (quotations omitted). A court may resolve this latter issue of whether there is a reasonable possibility of recovery in one of two ways. *Solis, et al v. Wal-Mart Stores East, LP,* 2008 U.S. Dist. LEXIS 92641 (S.D. Tex. Nov. 14, 2008) (citing *Smith v. Petsmart Inc.,* No. 06-60497, 278 Fed. Appx. 377, 379 (5 1 h Cir. May 15, 2008). The court may conduct at Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood,* 385 F.3d at 573. In the alternative, if the plaintiff has stated a claim, but "misstated or omitted discrete facts that would determine the propriety of joinder ... the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* During this latter inquiry, the court may consider "summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis,* 326 F.3d at 648-49.

**B. Texas Law Concerning Individual Liability for Store Managers**

9.   Under Texas law, an employee may be liable to a plaintiff in a premises liability case when the employee owes an independent duty of reasonable care to the injured party apart from the employer's duty of care. *See Hopkins v. Family Dollar*

*Stores of Texas, L.L.C.,* No. 2:19-CV-243, 2019 U.S. Dist. LEXIS 180513, 2019 WL 5293488, at *2 (S.D. Tex. Oct. 18, 2019); *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005) (citing *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996)). In *Hopkins*, the plaintiff in a slip-and-fall case joined the store manager but did not allege that the store manager had any personal involvement in the incident that caused plaintiff's injury. Thus, the court found the defendant met its burden to show improper joiner and denied remand.

10. Plaintiffs' claims against Defendant Parisi appear to relate solely to his actions or inactions related to his scope of work on behalf of Walgreens as pleaded by Plaintiffs. There is no independent claim or cause of action against Parisi, and Plaintiffs plead no facts regarding his conduct separate and apart from those pleaded against Walgreen. Plaintiffs do not allege that he owed a duty of care to them independent of that owed by Walgreen Co. They do not claim that he committed negligent conduct separate from that of Walgreen Co. They do not claim he was personally involved in the conduct that led to their injuries. Indeed, Plaintiffs' Petition simply makes its vague factual allegations and then "lumps" the two Defendants together, making no differentiation between them. Parisi owes no duty that is separate and apart from Walgreen Co.'s alleged duty to Plaintiffs. Because there is no reasonable possibility that the Plaintiffs in the instant matter can recover from Defendant Parisi, i.e. there is no independent duty of reasonable care, his

5

joinder in this action is improper. As such, this Court should dismiss and/or disregard Parisi as a party to this lawsuit and retain jurisdiction in this matter based on the diversity of Plaintiff and Defendant Walgreen Co.

## THE REMOVAL IS PROCEDURALLY CORRECT

11.  Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiffs' claims allegedly occurred in this district.

12.  Pursuant to 28 U.S.C § 1446(a), Defendants have attached copies of all pleadings filed in the case. The state court in which the case was filed does not utilize a paper docket sheet. Therefore, Defendants have attached a copy of the state District Clerk website's Activity Screen pertaining to the case. Pursuant to Local Rule 81, an Index of Documents Being Filed, including a List of All Parties and Counsel of record and pleadings in the state court action is attached.

13.  Pursuant to 28 U.S.C. § 1446(d), written notice of the removal will be given to all other parties to the suit.

14.  Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the clerk of the state court in which this action is pending.

THEREFORE, Defendants Walgreen Co. d/b/a Walgreens, Walgreens #4113 and R. J. Parisi request that this Honorable Court take notice of the removal of the above-reference state court action to the United States District Court for the Southern District of Texas Galveston Division.

          Respectfully submitted,

By:   /s/ Phil Griffis
PHIL GRIFFIS
State Bar No. 08476400
Federal No. 10528
pgriffis@griffislawfirm.com
1322 Space Park Drive, Suite A248
Houston, Texas 77058
Telephone: (832) 284-4013
Telecopier: (713) 493-7253
ATTORNEY FOR DEFENDANTS
WALGREEN CO. d/b/a
WALGREENS, WALGREENS
#4113 and R J PARISI

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record, in the manner shown below, pursuant to the Federal Rules of Civil Procedure, on this the 1st day of June 2021.

Sent Via Email: tomdewittlaw@yahoo.com
DEWITT LAW FIRM
Thomas M. Dewitt

          /s/ Phil Griffis
          PHIL GRIFFIS