

# Notice of Service of Process

null / ALL
**Transmittal Number: 23213123**
**Date Processed: 05/18/2021**

| | |
|---|---|
| **Primary Contact:** | Walgreens Distribution<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| **Entity:** | Walgreen Co.<br>Entity ID Number  0501431 |
| **Entity Served:** | Walgreen Co. d/b/a Walgreens |
| **Title of Action:** | Gloria Manning vs. Walgreen Co. d/b/a Walgreens |
| **Matter Name/ID:** | Gloria Manning vs. Walgreen Co. d/b/a Walgreens (11239561) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Brazoria County District Court, TX |
| **Case/Reference No:** | 112679-CV |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 05/17/2021 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Thomas M. Dewitt<br>281-682-9953 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Service I.D. No. 202936

THE STATE OF TEXAS                                                      CITATION

Cause No. 112679-CV
239th District Court

TO:  Walgreen Co.                                              Defendant
     d/b/a Walgreens
     by Serving its Registered Agent
     Prentice Hall Corporation System                          Psc 6008
     211 E. Seventh St                                         5-17-21
     Austin, TX 78701-3218

NOTICE:
   You have been sued. You may employ an attorney. If you or your Attorney do not file a written answer with the Clerk who issued this Citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this **Citation** and **Plaintiff's Original Petition** a Default Judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.  If filing Pro Se, said answer may be filed by mailing same to: Brazoria County District Clerk's office, 111 E. Locust, Suite 500, Angleton, TX 77515-4678 or by bringing said answer in person to the aforementioned address.

   The case is presently pending before the **239th District Court** of Brazoria County sitting in Angleton, Texas, and was filed on the **4th day of May, 2021.**  It bears Cause No. **112679-CV** and Styled:

**Gloria Manning, et al**
vs.
**Walgreen Co., et al**

   The name and address of the Attorney filing this action (or Party, if Pro se) is, **Thomas M. Dewitt, Dewitt Law Firm, 235 W. Sealy St., Alvin, TX 77511.**

   The nature of the demands of said Plaintiff is shown by a true and correct copy of Plaintiff's Petition accompanying this Citation.

   Issued under my hand and the seal of said Court, at Angleton, Texas, on the **13th day of May, 2021.**

**RHONDA BARCHAK, DISTRICT CLERK**
**Brazoria County, Texas**

By _____ Deputy
    Sunnye Wingo

Digitally signed by Sunnye Wingo
Date: 2021.05.13 13:41:44 -05'00'





Citation

Service I.D. No. 202936

THE STATE OF TEXAS                                                                                      CITATION

Return of Service

Cause No. 112679-CV  239th District Court

GLORIA MANNING, ET AL
VS.
WALGREEN CO., ET AL

Walgreen Co.
d/b/a Walgreens
by Serving its Registered Agent
Prentice Hall Corporation System
211 E. Seventh St
Austin, TX  78701-3218

Came to hand on the _____ day of _____, 20__ at _____, o'clock ____.m., and executed in _____ County, Texas by delivering to each of the within named parties in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition at the following times and places, to-wit:

NAME     DATE     TIME     PLACE, COURSE, AND DISTANCE FROM COURTHOUSE     MILEAGE
_____
_____
_____

and not executed as to (NAME)_____

and the cause or failure to execute this process is for the following reason: _____
_____

The diligence used in finding said (NAME) being: _____

FEES:
Serving Citation and Copy           $_____     _____, Officer
Mileage: _____ miles @ $_____ per mile  $_____     _____ County, Texas
Total                               $_____     _____
                                                  Deputy/Authorized Person

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my
           (First, Middle, Last)
address is _____
           (Street, City, State, Zip Code, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the ___ day of _____, 20__.

                                        _____
                                        Declarant/Authorized Process Server

                                        _____
                                        (Id No. and expiration of certification)

Citation

Filed for Record
5/4/2021 8:47 PM
Rhonda Barchak, District Clerk
Brazoria County, Texas
112679-CV
Sunnye Wingo, Deputy

112679-CV

NO. _____

| | | |
|---|---|---|
| GLORIA MANNING and BOBBY DEAN MANNING | § § § | IN THE DISTRICT COURT OF |
| v. | § § § | BRAZORIA COUNTY, TEXAS |
| WALGREEN CO. d/b/a WALGREENS, WALGREENS #4113 and R J PARISI | § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GLORIA MANNING and BOBBY DEAN MANNING, Plaintiffs, complaining of WALGREEN CO. d/b/a WALGREENS, WALGREENS #4113 (hereinafter called "WALGREENS"), and R J PARISI, Defendants, and for cause of action your Plaintiff would respectfully show unto the Court the following:

### Discovery

Pursuant to Tex. R. Civ. P. 190, Plaintiff intends that discovery shall be conducted under Discovery Level 2.

### Parties

Plaintiffs, GLORIA MANNING and BOBBY DEAN MANNING, are individuals and residents of BRAZORIA County, Texas.

Defendant, WALGREEN CO. d/b/a WALGREENS, is an Illinois corporation doing business in the State of Texas under Texas laws. Defendant may be served with process by serving its registered agent for service, PRENTICE HALL CORPORATION SYSTEM, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

Defendant, WALGREENS NO. 4113, is a corporation or other entity doing business in the State of Texas under Texas laws. Defendant may be served with process by serving

its registered agent for service PRENTICE HALL CORPORATION SYSTEM, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

Defendant, R.J. PARISI, is an individual and resident of HARRIS County, Texas. Defendant may be served with process at his or her place of employment at 1620 S. Gordon St., Alvin, BRAZORIA County, Texas 77511, or wherever he or she may be found.

Plaintiff reserves the right to add additional parties as such may be revealed through the ongoing discovery process.

### Assumed Names

To the extent that the Defendants named herein are conducting business pursuant to a trade name or assumed name, then suit is brought against Defendants pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands upon answering this suit, that the Defendants answer in each Defendant's correct legal and assumed name(s).

### Jurisdiction & Venue

The Court has jurisdiction over Defendants WALGREEN CO. d/b/a WALGREENS WALGREEN CO., because Defendants are business entities and/or corporations duly authorized and conducting business in the State of Texas.

The Court has jurisdiction over Defendant, R J PARISI, because Defendant is a resident of Texas. The Court has jurisdiction over the controversy because the damages sought are within the jurisdictional limits of the Court.

Venue is proper in BRAZORIA County, Texas because the cause of action occurred in BRAZORIA County.

**Facts**

It has become necessary to bring this lawsuit by reason of injuries and damages suffered by Plaintiff, GLORIA MANNING, on or about May 17, 2019, while a business invitee at WALGREENS #4113. Said business is located at 1620 S. Gordon Street, Alvin, BRAZORIA County, Texas. Upon exiting the store, Plaintiff, GLORIA MANNING, was attempting to get in her car when she tripped on a piece of rebar, exposed and sticking up out of the concrete, and fell to the ground, landing hard on her face, shoulder, hip and leg, severely jarring her neck and back and causing her to be unconscious. The rebar was used to anchor a nearby curbstop; however, the curbstop had moved away from its anchor, leaving the exposed rebar sticking up from the concrete. Plaintiff, GLORIA MANNING, sustained serious injuries as a result of the fall proximately caused by the dangerous condition on the ground, which Defendants, their agents, servants and employees knew or, in the exercise of ordinary care, should have known, existed.

**Liability of Defendants**

At all times mentioned herein, Defendants were the owner and/or manager of the premises in question and, as a business invitee, owed Plaintiff, GLORIA MANNING, a duty to exercise ordinary care to prevent customers from being injured by dangerous conditions or activities on their premises of which they knew or, in the exercise of reasonable care, should have known, existed.

Defendants owed Plaintiff a duty to inspect the premises to make safe any dangerous conditions and give warning of such conditions. Defendants breached their duty. Due to the dangerous condition caused by the Defendants' negligence, Plaintiff fell

and sustained serious injuries. Defendants are thus liable to Plaintiff for the injuries she sustained.

## **Negligence**

The accident made the basis of this suit and the resulting injuries suffered by Plaintiff, GLORIA MANNING, were proximately caused by the negligence and carelessness of Defendants through their employees acting in the course and scope of their employment, in that said Defendants failed to exercise ordinary care for persons similarly situated to Plaintiff, including Plaintiff, in one or more of the following respects:

1. in permitting a dangerous condition to exist on the premises where Plaintiff enters and exits the store;
2. in permitting a dangerous condition to exist on the premises where Plaintiff enters and exits the store for an unreasonable amount of time;
3. in failing to continually have the premises inspected for dangerous conditions and/or activities located on the premises;
4. in failing to adequately maintain the premises in question in a reasonably safe condition;
5. in failing to remove or remedy the dangerous condition that it knew of, or in the exercise of ordinary care, should have known was present on the premises;
6. in failing to properly supervise and train its employees with regard to proper and timely removal or remedy of dangerous conditions, such as the dangerous condition made the basis of this suit, existing on Defendants' premises;
7. in failing to follow its own policies with regard to inspection of the premises in question for dangerous conditions existing on Defendants' premises;
8. in failing to warn persons similarly situated to Plaintiff, including Plaintiff, of the dangerous condition located on the premises; and
9. in failing to provide barriers so that the public, including Plaintiff, would not walk in the area where the dangerous condition existed.

Each of the foregoing acts on the part of the Defendants were negligent, constituted negligence and negligence per se and were each and all a proximate cause of the occurrence in question and the injuries and damages suffered by Plaintiff.

All conditions precedent to Plaintiff's cause of action have been performed or have occurred.

Nothing Plaintiff did or failed to do caused or contributed to cause the incident in question or Plaintiff's resulting injuries and damages.

### **Damages**

As a direct and proximate result of the actions and/or omissions complained of above, Plaintiff, GLORIA MANNING, suffered serious bodily injuries. By reason of her injuries, Plaintiff sustained all legal elements of damages recognized by law, including physical pain and mental anguish, physical impairment, disfigurement, plus reasonable and necessary medical bills and expenses, and in all reasonable probability, will continue to sustain such legal elements of damages in the future beyond the date of this trial.

As set out hereinabove, Plaintiff, GLORIA MANNING, seeks recovery for all of the above stated legal elements of damages in excess of $250,000.00 but not more than $1,000,000.00, plus pre-judgment and post-judgment interest as authorized by law and costs of court or, in the alternative, a just and reasonable amount as may be determined by a jury.

Further, Plaintiff BOBBY DEAN MANNING, husband of GLORIA MANNING, has suffered all legal elements of damages recognized under Texas Law when a spouse suffers a personal injury, including, without limitation, past and future damages for loss of consortium, loss of household services, care, advice and counsel; past and future damages for mental anguish.

Plaintiff, BOBBY DEAN MANNING, is entitled to recover and seeks damages from the Defendants in this action in the form of monetary relief exceeding the minimum jurisdictional limits of this Court but not more than $15,000.00, plus pre-judgment and

post-judgment interest as authorized by law and costs of court, or in the alternative, a just and reasonable amount as may be determined by a jury.

### Required Disclosures

Under Texas Rules of Civil Procedure 194, each Defendant is required to disclose the information or material described in Rule 194.2(b)1-12 within thirty (30) days after Defendant files its Answer. Any Defendant served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days of being served or joined.

### Prayer

Plaintiffs, GLORIA MANNING and BOBBY DEAN MANNING, pray that the Defendants be cited to appear and answer herein, and that upon final hearing of the cause, Plaintiffs be awarded their damages, costs of court, pre- and post-judgment interest and any and all such other relief, in law or in equity, whether pled or unpled, to which they are entitled.

Respectfully submitted,

DEWITT LAW FIRM

*/s/ Thomas M. DeWitt*
THOMAS M. DEWITT
State Bar No. 05670400
235 W. Sealy St.
Alvin Texas 77511
281.682.9953
281.519.2710 (f)
*tomdewittlaw@yahoo.com*

ATTORNEY FOR PLAINTIFF